UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MI-KYUNG CHO,                         :

                    Plaintiff,    :   10 Civ. 3785 (HBP)

     -against-                        :   OPINION
                                          AND ORDER
YOUNG BIN CAFÉ, et al.,               :

                    Defendants.   :

-----------------------------------X

          PITMAN, United States Magistrate Judge:


I.   Introduction


          Plaintiff Mi-Kyung Cho has filed several motions in

limine relating to the admissibility of certain evidence (Docket

No. 49).  Although the trial in this action has been adjourned

sine die and defendants Young Bin Café and Gabin have since moved

for summary judgment, I shall resolve plaintiff's pending motions

in limine to eliminate any evidentiary disputes that would impact

the pending dispositive motion or, if necessary, the trial.

          For the reasons set forth below, plaintiff's motions

are granted in part, and denied in part.

II.  Background

A.  Facts

This action arises out of the physical assault of plaintiff while she was working as a hostess at defendant Young Bin Café, a Korean café located in Flushing, New York.  Defendant Gabin is the business entity that operates Young Bin Café (Complaint, Docket Item 1 ("Compl.") ¶ 3).  On or about July 1, 2008, plaintiff alleges that defendant Kwang Kyu Kim, a customer at Young Bin Café, kicked her in the stomach, without provocation, causing her to fall on her side on the marble floor (Compl. ¶ 10).  Plaintiff alleges that she suffered injuries to her neck and back, as well emotional and psychological damages (Compl. ¶ 10).  Plaintiff reported this incident to the police, and Kim was arrested a few days later and charged with assault (Compl. ¶ 11; Docket Item 51 ("Pl.'s & Kim's Pretrial Order") at 5).

After Kim's arrest, plaintiff alleges that defendant Eun M. Sin, the owner of Young Bin Café, threatened plaintiff that if she did not withdraw her criminal complaint against Kim, then she would be terminated from Young Bin Café and "would be forever blacklisted from ever working for any other 'Korean' café in 'this region,' implying the norther-eastern [sic] United States where Koreans are populated" (Compl. ¶ 12).  She further

2

alleges that Sin "repeatedly forced plaintiff to meet defendant
Kwang Kyu Kim in person, in a controlled setting, and scolded
plaintiff in front of defendant Kwang Kyu Kim and forced plain-
tiff to 'apologize' to defendant Kwang Kyu Kim for bringing shame
and humiliation upon him" (Compl. ¶ 13).  The police also inves-
tigated Sin's conduct and charged her with victim tampering
(Pl.'s & Kim's Pretrial Order at 6).

   Although not clear from the complaint or the parties'
pretrial submissions, it appears that plaintiff no longer works
at Young Bin Café and now lives in Korea.

 B.  <u>Procedural Background</u>

   Plaintiff commenced this action on May 7, 2010 against
Young Bin Café, Gabin, Eun M. Sin and Kwang Kyu Kim.  She as-
serted the following claims:  (1) negligence against Kim; (2)
retaliatory discharge in violation of the New York State Human
Rights Act, Executive Law § 292, <u>et</u> <u>seq</u>., against Young Bin Café
and Gabin (collectively, the "Café Defendants") and Sin; (3)
retaliatory discharge in violation of the New York City Adminis-
trative Code, Section 8-101, <u>et</u> <u>seq</u>., against the Café Defendants
and Sin; (4) intentional infliction of emotional distress against
all defendants; (5) retaliatory discharge in violation of the New
Jersey Law Against Discrimination against Gabin and Sin and (6)

tortious interference with business relationships against all
defendants.

On July 23, 2012, the Café Defendants and Sin moved to
dismiss the action for lack of subject matter jurisdiction
because plaintiff, Sin and Kim are all citizens of Korea, and,
therefore, complete diversity was lacking (Docket Item 52).
During a conference call held before me on July 30, 2012, plain-
tiff made an oral application to withdraw her claims against
defendants Sin and Kim.  By an order dated August 6, 2012, I
granted plaintiff's application and concluded that neither
defendant Sin nor Kim was an indispensable party under Rule 19
(Docket Item 59).  I concluded, therefore, that the more appro-
priate course was to dismiss plaintiff's claims against Sin and
Kim for lack of subject matter jurisdiction, and to permit the
action to continue against only Young Bin Café and Gabin (Docket
Item 59).  In addition, I granted plaintiff's motion to amend the
complaint to add GBNY, Inc. and Gabin, Inc.[1] as defendants and
directed that she serve and file an amended complaint no later
than August 10, 2012.  Plaintiff, however, failed to file an
amended complaint by this date.

---

[1]GBNY, Inc. and Gabin, Inc. were improperly sued as Young
Bin Café and Gabin.

Thus, the only defendants remaining in this action are the Café Defendants, and the claims asserted against them are retaliatory discharge in violation of New York's and New Jersey's anti-discrimination statutes (Compl., Counts 2, 3 & 5), intentional infliction of emotional distress (Compl., Count 4) and tortious interference with business relationships (Compl., Count 6).

The August 6 Order also adjourned the trial in this action <u>sine</u> <u>die</u> and ordered the remaining defendants -- the Café Defendants -- to file and serve their motions for summary judgment no later than August 23, 2012 (Docket Item 59 ¶¶ 1, 4).  The Café Defendants timely filed a motion for summary judgment (Docket Item 60).  On September 28, 2012, plaintiff cross-moved to vacate the August 6 Order to the extent that it dismissed the claims against Sin and to dismiss the action for lack of subject matter jurisdiction (Docket Item 63).

III.  <u>Analysis</u>

   A.  <u>Standard</u>

"The purpose of an <u>in</u> <u>limine</u> motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues

that are definitely set for trial, without lengthy argument at,
or interruption of, the trial." Palmieri v. Defaria, 88 F.3d
136, 141 (2d Cir. 1996) (internal citation omitted).  "The trial
court should exclude evidence on a motion in limine only when the
evidence is clearly inadmissible on all potential grounds."
United States v. Ozsusamlar, 428 F. Supp. 2d 161, 164 (S.D.N.Y.
2006) (Leisure, D.J.).  A district court's in limine ruling "is
subject to change when the case unfolds" and "even if nothing
unexpected happens at trial, the district judge is free, in the
exercise of sound judicial discretion, to alter a previous in
limine ruling." Luce v. United States, 469 U.S. 38, 41-42
(1984); accord Palmieri v. Defaria, supra, 88 F.3d at 139; Scott
v. City of New York, 591 F. Supp. 2d 554, 557 (S.D.N.Y. 2008)
(Scheindlin, D.J.).

        The threshold inquiry for the admissibility of evidence
is its relevance.  Evidence is relevant if it has "any tendency
to make the existence of any fact that is of consequence to the
determination of the action more or less probable than it would
be without the evidence."  Fed.R.Evid. 401.

    B.  Plaintiff's Motions In Limine

        Plaintiff has moved in limine (1) to preclude defen-
dants from referring to plaintiff's immigration status; (2) for a

6

ruling that plaintiff's medical records and bills are admissible under Federal Rules of Evidence 401 and 803(4); (3) for an adverse inference jury instruction resulting from the Café Defendants' failure to maintain records of its employees' work hours, schedules and pay; (4) for a ruling that Kim's criminal complaint and arrest record are admissible; (5) for a ruling that the Sin's criminal complaint and arrest record are admissible; (6) for a ruling that Kim's prior and subsequent arrest records are admissible; (7) for a ruling that certain prior act evidence related to Kim is admissible and (8) to preclude the Café Defendants from introducing any evidence because they did not identify any evidence in the joint pretrial order submitted by plaintiff and defendant Kim.

    1.  Admissibility of
        Plaintiff's Immigration Status

       First, plaintiff moves in limine to preclude defendants from offering evidence that plaintiff was "illegally working" as an alien.  I conclude that plaintiff's immigration status is not relevant to any of the claims remaining in this action.

7

To establish a retaliatory discharge under New York's and New Jersey's anti-discrimination statutes,[2] plaintiff must prove that (1) she engaged in a protected activity; (2) her employer was aware of that activity; (3) she suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action. Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608-09 (2d Cir. 2006) (applying New York law); Tartaglia v. UBS PaineWebber, 197 N.J. 81, 125, 961 A.D.2d 1167, 1192 (2008) (applying New Jersey law). Plaintiff's immigration status is not probative of any of these elements. Plaintiff's immigration status does not bear on the question of whether plaintiff's complaint to the police about Kim's assault constitutes a protected activity under the applicable anti-discrimination statutes. Nor is it relevant to the adverse employment action, i.e. her termination by the Café Defendants. There is no indication that the Café Defendants terminated her because her immigration status did not permit her to work legally -- to the contrary, the Café Defendants employed her in the first instance. Accordingly, evidence concerning

---

[2] I assume, without deciding, that plaintiff can avail herself of the New Jersey Law Against Discrimination. I note, however, that the applicability of this New Jersey statute is doubtful because the plaintiff did not work in New Jersey. See Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363, 383 (S.D.N.Y. 2012) (Sweet, D.J.) (citing cases).

plaintiff's immigration status is not relevant to her retaliatory discharge claim and is, therefore, inadmissible.

Similarly, plaintiff's immigration status is also irrelevant to her claim for tortious interference with business relationships.  Under New York law, a claim for tortious interference with business relationships requires that a plaintiff show that "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship."  Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 132 (2d Cir. 2008); Goldhirsh Group, Inc. v. Alpert, 107 F.3d 105, 108-109 (2d Cir. 1997); see Carvel Corp. v. Noonan, 3 N.Y.3d 182, 189-90, 818 N.E.2d 1100, 1103, 785 N.Y.S.2d 359, 362 (2004).  Plaintiff's immigration status does not bear on any of the facts that would need to be established concerning this claim.  This claim is not based on the allegation that defendants informed third parties about her immigration status, but rather on the allegation that they informed others about the fact that she complained about her attack.  Her immigration status, therefore, has no relevance.

Finally, I decline to make a ruling with respect to plaintiff's intentional infliction of emotional distress claim

because it appears to be time-barred.  Claims for intentional infliction of emotional distress are governed by a one-year statute of limitation.  N.Y. C.P.L.R. § 215; <u>Ross v. Louise Wise Servs., Inc.</u>, 8 N.Y.3d 478, 491, 868 N.E.2d 189, 197, 836 N.Y.S.2d 509, 518 (2010).  The incident giving rise to plaintiff's complaint occurred in July 2008 and plaintiff commenced this action on May 7, 2010, almost two years later.  Thus, plaintiff's claim for intentional infliction of emotional distress appears time-barred.  In light of this, any conclusion may prove to be moot and is more appropriately reached if and when it is determined that this claim should remain in the action.

Accordingly, plaintiff's motion <u>in</u> <u>limine</u> to preclude defendants from offering evidence about her immigration status is granted with respect to her retaliatory discharge and tortious interference claims based on relevancy.  With respect to her intentional infliction of emotional distress claim, plaintiff's motion is denied without prejudice to renewal.

2.  Admissibility of
    <u>Medical Records and Bills</u>

Plaintiff next seeks a ruling that her medical records and bills are admissible pursuant to Rules 401 and 803(6).  I conclude that these documents are not admissible because they are

not relevant to either plaintiff's retaliatory discharge or tortious interference with business relationships claims.

In light of the elements of these claims as explained in the text above, plaintiff's medical treatment and expenses are not probative of the Café Defendant's liability.  The nature of the medical treatment that plaintiff sought does not make it more or less probable that her criminal complaint constitutes a protected activity and that her termination was in retaliation for her making that complaint.  Nor is it probative of whether the Café Defendants interfered with any potential future employers.  These documents do not bear on any actions that the Café Defendants took or did not take concerning plaintiff's employment or her relationship with third parties.  Rather, they only reflect what medical treatment the plaintiff sought.  Thus, her medical records and bills are not relevant.

Accordingly, plaintiff's motion in limine for a ruling that these records are admissible is denied with respect to her claims for retaliatory discharge and tortious interference with business relationships.

Finally, for the reasons explained above, I decline at this time to make a ruling on the admissibility of plaintiff's medical records and bills with respect to her intentional infliction of emotional distress claim.

11

3.  Plaintiff's Request for
    an Adverse Inference Jury Instruction

Next, plaintiff requests that the jury be charged with an adverse inference regarding the Café Defendant's failure to produce records reflecting her work schedule, wages and other terms of employment.  Plaintiff claims that because the Café Defendants failed to keep any records of her earnings, the jury should be instructed that these records, if they existed, would support plaintiff's version of the amount of wages that she earned.  I conclude that a ruling on this motion is premature.

Although Plaintiff's wages are relevant to the extent that they would inform a jury's award of damages, it is far from clear that a jury will ever reach the issue of damages.  As I noted in the August 6 Order, there are serious questions whether any of the conduct plaintiff alleges is actionable under the anti-discrimination statutes she has cited and whether plaintiff has admissible evidence sufficient to prove all the elements of her tortious interference with business relationships claim (Docket Item 59 ¶ 4).  Given this uncertainty about the Café Defendant's potential liability and their currently pending summary judgment motion, any ruling concerning damages would be

12

premature.  Plaintiff's request for an adverse inference jury
instruction is, therefore, denied without prejudice to renewal.

### 4. Plaintiff's Motions in limine
Concerning Defendants Kim and Sin

Plaintiff has also moved in limine with respect to
evidence concerning defendants Kim and Sin (Docket Item 49,
subparts four through seven).  As noted above, I dismissed the
claims against these defendants for lack of subject matter
jurisdiction.  Accordingly, to the extent that plaintiff's
motions in limine relate to either Kim or Sin, they are denied as
moot.

### 5. Plaintiff's Motion to Preclude
Defendants from Offering Evidence

Finally, plaintiff seeks to preclude the Café Defen-
dants from offering any evidence or testimony because they failed
to designate any testimonial or documentary evidence in the final
pretrial order.  This relief is unwarranted.  At best, there
appears to have been a miscommunication between the parties'
counsel concerning the submission of the pretrial order.  Al-
though counsel for plaintiff and defendant Kim filed a joint
pretrial order on July 20, 2013 which indicated that the Café
Defendants and Sin had not identified any witnesses or evidence

13

(Pl.'s & Kim's Pretrial Order, Ex. A ¶ 2), Richard Sules, Esq., counsel for the Café Defendants and Sin, has provided a certification in which he explained that he did attempt to coordinate with counsel for the other parties on the pretrial order (Docket Item 53).  On July 23, 2012, Mr. Sules submitted a pretrial order and motions in limine on behalf of the Café Defendants (Docket Items 53-54).  Given that it appears that Mr. Sules acted in good faith to confer with the other parties over the pretrial order and that he submitted a separate pretrial order three days later, I conclude that there is no basis to preclude the Café Defendants from offering evidence.  The eighth subpart of plaintiff's motion in limine to preclude the Café Defendants from offering evidence is denied.

IV.  Conclusion

          For the reasons set forth above, plaintiff's motions in limine are denied in part, and granted in part, as indicated

above.  The Clerk of the Court is respectfully directed to close

Docket Item 49.

Dated:  New York, New York
        February 22, 2013

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Michael S. Kimm, Esq.
Kimm Law Firm
33 Sylvan Avenue
Suite 106
Englewood Cliffs, New Jersey   07632

Richard T. Sules, Esq.
Stockschlaeder, McDonald & Sules, P.C.
161 William Street, 19th Floor
New York, New York   10038

Sidney A. Weisberg, Esq.
Weisberg & Weisberg
98 Cuttermill Road
Great Neck, New York   11021